## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| CL ENTERPRISES, LLC. | * | CIVIL NO. 24- |
| Plaintiff | * | |
| v. | * | PLAINTIFF DEMANDS TRIAL BY JURY |
| PYE TECH, LLC.; JEGIL DUGGER; JOHN DOE, INC.; and RICHARD ROE | * | |
| Defendants | * | |

## **COMPLAINT**

**COMES NOW** Plaintiff, CL Enterprises, LLC., d/b/a To Go Restaurants, through the undersigned attorney, and for its Complaint against Defendants Pye Tech, LLC., John Doe, Inc., and Richard Roe respectfully states, alleges, and prays as follows:

### I. PARTIES

1. Plaintiff CL Enterprises, LLC. d/b/a "To Go Restaurants" (hereinafter referred to as "To Go"), is a limited liability company organized under the laws of Puerto Rico, and its sole and only partner is a resident of Puerto Rico.

2. Defendant Pye Tech, LLC., (hereinafter referred to as "Pye") is a limited liability company organized under the laws of a state other than Puerto Rico, used by defendants to defraud the herein Plaintiff as more fully alleged, and all its members reside in a state other than Puerto Rico.

3. Defendant Jegil Dugger (hereinafter referred to as "Dugger") is of legal age, Pye's CEO, and a resident of a state other than Puerto Rico.

4. Defendant John Doe, Inc., is the fictitious name of any other commercial name or legal entity organized and existing under the laws of a state other than Puerto Rico, used by defendants Dugger and/or Richard Roe to defraud the Plaintiff herein.

Once its true name and identity is ascertained, plaintiffs will proceed to amend the Complaint accordingly.

5. Defendant Richard Roe is the fictitious name of any other natural person who resides in a state other than Puerto Rico, who conspired with defendants Dugger and/or Richard Roe to defraud the herein Plaintiff. Once his/her true name and identity is ascertained, Plaintiff will proceed to amend the Complaint accordingly.

## II.   JURISDICTION, VENUE AND JURY DEMAND

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332(a) in that there exists complete diversity of citizenship among the parties and the amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to the claims alleged occurred within this district.

8. Plaintiff demands trial by jury on all issues so triable.

## III.   FACTS AND ALLEGATIONS COMMON TO ALL CLAIMS

9. Plaintiff To Go is a legal entity engaged in the restaurant and food business and related commercial operations. While defendant Pye is an entity which manufactures and markets "customizable self-ordering kiosks" for the restaurant industry. Defendant Dugger reportedly acts as its "CEO".

10. After developing an interest in marketing and distributing Pye's "self-ordering kiosks," To Go's principal met with defendant Dugger on June 12, 2023, at a restaurant in San Juan, PR, during which the possibility of To Go acquiring Pye's products for distribution in Puerto Rico. Upon conclusion of the meeting amongst the two, the

2

conversations continued to mature, culminating with the execution a "Statement of Work", (hereinafter referred to as the "Contract"), wherein Pye agreed to name To Go as its "exclusive supplier in Puerto Rico to customers and resellers within Puerto Rico", for a period of three years.

11.   In exchange for the distribution rights for a period of three (3) years, To Go agreed to purchase a minimum of 50 self-ordering kiosks per year, with an initial purchase at the time of the execution of the Contract of 30 kiosks.  For this order, To Go was required to pay an initial deposit of $35,131.23 upon execution of the Contract, a sum equivalent to 65% of the total purchase price quoted by Pye, while the remaining balance be paid by September 1, 2023.

12.   Following the execution of the Contract, on August 3, 2024, Pye was supposed to send three (3) demo self-ordering kiosks were to be used during the "ExpoFranquisicias Caribe", a trade show popular with the restaurant industry, to be held on August 11 and 12, 2023, at the Pedrín Zorrilla Coliseum in San Juan, PR.

13.   To Go had secured and paid for a booth to demonstrate the self-ordering kiosks manufactured by Pye, for which it had the exclusive distribution rights in Puerto Rico through the executed Contract.  And, in anticipation thereof Pye sent Ms. Leyla Colón, its "Global Business Development & Director of Sales" to assist in the presentation and marketing of its products.

14.    Of the three (3) demo kiosks, one was shipped via air freight on September 2, 2023, and returned to Pye on August 8, 2023, and subsequently reshipped via air and received in Puerto Rico on August 10, 2023. The remaining two (2) were received two (2) weeks following the conclusion of the "ExpoFranquicias Caribe".

15.   During the period of August through October 2023, on multiple times To Go

attempted to set up and run Pye's self-ordering kiosks which had been delivered to a client named "Butaque Restaurants", all to no avail. After it became evident that Pye was unable to have its products to function as intended, on October 10, 2023, To Go demanded the return of its investment, a request that was reiterated multiple times later, all to no avail.

16. As a result of the Defendants' failure to fulfil their contractual obligations as intended, To Go has sustained losses exceeding the sum of $75,000.00, exclusive of interest and costs.

## IV.  FIRST CLAIM FOR RELIEF
### (SPECIFIC PERFORMANCE)

17. Plaintiff realleges each allegation set forth in Paragraphs 1 through 16 above, with like force and effect as though fully set forth herein.

18. Under the provisions of Article 1233 of the Civil Code of Puerto Rico, 31 L.P.R.A. sec. 9754, the matters agreed upon in a contract, such as those agreed to in the Contract entered between To Go and Pye, are legally.

19. The breach of a party's obligations under a Contract gives rise to an indemnification which includes a compensation for all foreseeable damages and loss of income, unless the breaching party incurs in "dolo" or "bad faith", in which case it gives rise to a compensation for all damages suffered. Arts. 1167, 1168 and 1169 of the Civil Code of Puerto Rico, 31 L.P.R.A. secs. 9331-9333.

## VIII.  SECOND CLAIM FOR RELIEF
### ("DOLO" OR BAD FAITH)

20. Plaintiff realleges each allegation set forth in Paragraphs 1 through 16 above, with like force and effect as though fully set forth herein.

4

21. Defendants never had the intention of complying with their obligations, as they only intended to set up a scheme to defraud Plaintiff of down payment paid for the acquisition of the 30 self-serving kiosks agreed to the in the Contract.

22. As set forth in Article 1055 of the Civil Code of Puerto Rico, Defendants incurred in bad faith herein or "dolo", for which they are not only liable for the return of the down payment made, but for ALL direct and indirect damages suffered by Plaintiff because of their conduct.

## IX.  PIERCING OF THE CORPORATE VEIL

23. Plaintiff realleges each allegation set forth in Paragraphs 1 through 16 above, with like force and effect as though fully set forth herein.

24. Defendants Dugger and Richard Roe never had the intention of complying with the obligations assumed under the Contract, as he only intended to set up a scheme to defraud Plaintiff of the sum of down payment made for the acquisition of the 30 self-serving kiosks stipulated in the Contract, for which he created a variety of excuses for the failure to comply with the obligations assumed, continuing to promise success until it because evident that he was unable to perform the contractually agreed obligations.

25. Defendants Dugger and Richard Roe and the corporations Pye and John Doe, Inc. did not maintain adequate separateness as required by corporate law, but acted in a way to promote fraud, evade obligations, and frustrate public policy.   As such, Dugger and Richard Roe and the corporations Pye and John Doe, Inc. cannot hide behind the corporations corporate veil and are jointly and severally liable to the Plaintiff for the damages claimed in this case.

## X.  DAMAGES

26. Because of the Defendants' breach of contract, culpable conduct, negligence,

bad faith and fraudulent acts, Plaintiff has suffered the following damages:

    a.    Loss of the sum of $35,131.23 paid upon execution of the Contract for the first 30 self-serving kiosks and interest accrued thereon;

    b.    Damages to its commercial name and reputation exceeding the sum of $75,000.00 and interest accrued thereon;

    c.    Loss of income exceeding the sum of $750,000.00 and interest accrued thereon;

    e.    Loss of some $6,400.00 in the training and hiring of 2 employees to promote Pye's self-serving kiosks and interest accrued thereon;

    f.    Loss of some $2,000.00 paid for the ExpoFranquicia trade show and interest accrued thereon; and

27.    Defendants have incurred in obstinacy, for which they are not only liable for payment for the sums averred herein, but also for the payment of interest and attorney's fees.

**WHEREFORE** Plaintiff respectfully requests that judgment be entered against Defendants adjudging them to pay Plaintiff all losses incurred as a result of their breach of contract, including the following:

    a.    The sum of $35,131.23 paid upon execution of the Contract for the first 30 self-serving kiosks and interest accrued thereon.

    b.    A sum exceeding $75,000.00 as a result of the damages suffered by Plaintiff to its commercial name and reputation and interest accrued thereon.

    c.    The sum of $750,000.00 as loss of income and interest accrued thereon.

    d.    The sum of $6,400.00 for the sums incurred in the training and hiring of 2 employees to promote Pye's self-serving kiosks and interest accrued thereon.

  f. The sum of $2,000.00 paid for the ExpoFranquicia trade show and interest accrued thereon.

  g. The sum of $15,000.00 for attorney's fees because of Defendants' obstinacy.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this ___ day of April, 2024.

**I HEREBY CERTIFY** that on April ___, 2024, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system.

*s/ <u>**Richard Schell-Asad**</u>*
Richard Schell-Asad - Bar No. 203207
Attorney for Plaintiff
1250 Ponce de León Ave., Suite 1008
San Juan, PR 00907
Tel: (787) 559-2712
e-mail: rschellasad@aol.com
